SHERMAN, J.[1]
¶1 Ian Humphrey, pro se, appeals an order of the circuit court suspending his motor vehicle operating privilege for one year. For the reasons discussed below, I reverse and remand with directions.
BACKGROUND
¶2 In July 2015, Humphrey was cited for operating a motor vehicle after suspension of his operating privileges in violation of WIS. STAT . § 343.44(1)(a). Humphrey did not appear at the trial, which was held to the court, and a default judgment was entered against him in the amount of $200.50. This is Humphrey's third appeal following that judgment. In the first appeal decided by this court, County of Lafayette v. Humphrey , No. 2016AP1579, unpublished slip op. (WI App. June 15, 2017) (Humphrey I ), Humphrey challenged the circuit court's denial of his application for a waiver of transcript fees in an appeal of the judgment. In the second appeal decided by this court, County of Lafayette v. Humphrey , No. 2016AP966, unpublished slip op. (WI App. August 16, 2018) (Humphrey II ), Humphrey challenged the judgment. This court affirmed the circuit court in both of Humphrey's prior appeals.
¶3 On February 23, 2017, the circuit court suspended Humphrey's motor vehicle operating privilege for one year for non-payment of the $200.50 fine. On August 15, 2017, the court withdrew the suspension and allowed Humphrey to pay the fine at $10 per month. On January 18, 2018, the court again suspended Humphrey's motor vehicle operating privilege for one year for non-payment. Humphrey now appeals the January 18, 2018 order suspending his operating privileges.
DISCUSSION
¶4 Humphrey contends the circuit court erred in suspending his operating privileges for a period of one year. Before I address Humphrey's argument, I must first determine whether Humphrey has a right to appeal the circuit court's January 18, 2018 order of suspension.
¶5 Lafayette County makes an argument that I interpret as an assertion that Humphrey I has a preclusive effect here. Although the County's argument is insufficiently developed and could be disregarded on that basis, see State v. Pettit , 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992), I choose to address the argument because the record is clear that the County is wrong on the merits.
¶6 As noted above, Humphrey I concerned only whether the circuit court erred in denying Humphrey's motion to waive the fees for transcript to be used on appeal of the judgment. The circuit court found that Humphrey was indigent, but denied Humphrey's motion based upon Humphrey's failure to set forth an arguably meritorious basis for that appeal. See Humphrey I , No. 2016AP1579, ¶3. This court affirmed that decision. Id. , ¶7.
¶7 The County asserts that in Humphrey I , "this [c]ourt already addressed whether the defendant's appeal has arguable merit and found it did not." As best I can tell, the County argues that this court's decision in that appeal has the preclusive effect of a determination that any appeal emanating from the judgment would have no merit.
¶8 However, at the time of Humphrey I and Humphrey II , the second suspension of Humphrey's operating privilege, which is the subject of this appeal, and the grounds for reversal of the court's order suspending Humphrey's operating privilege that are asserted by Humphrey in this appeal, had not yet occurred.[2] It could not have been contemplated whether an appeal of the second suspension of operating privilege would have merit more than one and one-half year before the suspension arose. Thus, the appeal is not precluded by our decision in Humphrey I , or Humphrey II for that matter.
¶9 Having determined that Humphrey is not precluded from challenging the January 18, 2018 order suspending his operating privilege, I now turn to Humphrey's arguments as to why the circuit court erred in entering the order. Humphrey argues that the imposition of a second one-year suspension after he had already served nearly six months of the first suspension violates a statutory one-year limitation on suspensions of operating privileges for non-payment of fines.[3] See WIS. STAT . § 800.095(1)(a) 3 and 3m.[4] Humphrey's reliance on § 800.095(1)(a) is misplaced.
¶10 WISCONSIN STAT . § 800.095(1)(a) is part of WIS. STAT . ch. 800. Chapter 800 sets forth the municipal court procedure. This case arises in circuit court, not municipal court, and therefore, ch. 800 does not apply in this case. The County, in its responsive brief, does not respond to Humphrey's argument. I could, on that basis, consider Humphrey's argument conceded, but whether I do so is discretionary and not mandatory. See Charolais Breeding Ranches, Ltd. v. FPC Securities Corp. , 90 Wis. 2d 97, 108-109, 279 N.W.2d 493 (Ct. App. 1979) ("Respondents on appeal cannot complain if propositions of appellants are taken as confessed which they do not undertake to refute.").
¶11 However, Humphrey's error is merely one of having chosen the incorrect authority. We will proceed under the correct statute, particularly given the County's concession discussed above. WISCONSIN STAT . § 345.47(1)(b) provides a one-year limitation on a court imposed suspension of operating privilege for non-payment of fines similar to that in WIS. STAT . § 800.095(1)(a).[5] The current one-year suspension, when added to the previous suspension from February 23, 2017 to August 15, 2017, would exceed one year. Therefore, the circuit court lacked the authority to impose that part of the combined suspension which exceeded one year in total.
¶11 Accordingly, I conclude that the circuit court exceeded its statutory authority in ordering that part of the second suspension which would cause the total combined suspension to exceed one year. The second suspension should be vacated, and any new suspension ordered by the court should not cause the total of the combined suspension to exceed one year.[6]
CONCLUSION
¶12 For the reasons stated above, I reverse the order of the circuit court and remand with directions.
By the Court. -Order reversed and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.331(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise indicated.

Here is the chronology of the relevant events:

Humphrey argues other matters that go to the validity of the default judgment. Those issues were already fully litigated in Humphrey II and will not be discussed further. Univest Corp. v. General Split Corp. , 148 Wis. 2d 29, 38, 435 N.W.2d 234 (1989) ("[A] decision on a legal issue by an appellate court establishes the law of the case, which must be followed ... on later appeal.").

Wisconsin Stat . § 800.095(1)(a) 3 and 3m provide:
(1) If the defendant fails to pay a monetary judgment ordered by the court, the court may order any one of the following, or any combination of the following, except as provided in sub. (3):
(a) Suspension of the defendant's operating privilege until the defendant pays the judgment, but not to exceed one year ....
....
3. If the judgment remains unpaid at the end of the one-year suspension, the court may not order a further suspension of operating privileges in relation to the outstanding judgment.
3m. If the court terminates the defendant's suspension as the result of the defendant's agreement to a payment plan or community service and the defendant is later suspended because he or she defaults on that plan or service, the new suspension shall be reduced by the amount of time that the suspension was served before being terminated by the court.

Wisconsin Stat . § 345.47(1)(b), in relevant part, reads:
(b) In lieu of imprisonment and in addition to any other suspension or revocation, that the defendant's operating privilege be suspended. The operating privilege shall be suspended for 30 days or until the person pays the forfeiture, plus costs, fees, and surcharges imposed under ch. 814, but not to exceed one year.
(emphasis added)

The suspension is a method of enforcing the default judgment taken on April 12, 2016. Nothing herein is intended to indicate that there is any impediment to collection of that judgment by other lawful means.